OveRton, J.
 

 delivered the following opinion of the Court: —
 

 The question is, which of these parties have the best right to the possession of this land ?
 

 
 *150
 
 We believe this can easily be discerned, from the acts which relate to this subject, connected with the appropriations which have been made.
 

 The Act of 1782 expressly declares that six hundred and forty acres shall be laid off, and should not in future be subject to appropriation.
 

 It was a question of fact, to be left to the jury, whether this six hundred and forty acres had been surveyed and marked. The Act of 1782, or any other Act, did not require it to be done by a public surveyor, nor that a record should be kept in any public office. The lines of other claims calling for those of the French Lick reservation, together with the evidence of a marked line referred to in the bill of exceptions, and reputation respecting those lines, were proper to be left to the jury.
 

 Beside the appropriations for the town, academy, and the sale under the Act of 1789, ch. 26, to M’Nairy, have the Legislature of North Carolina, or Tennessee, passed any act of appropriation respecting the French Lick reservation, under the Act of 1782 ?
 

 It is clear that, conformably to the meaning of that Act, the Legislature did not design that any part of the reserved six hundred and forty acres should be subject to be taken up under the general laws for appropriating lands by entry and grant, because they have in effect said so. In the North Carolina code we perceive no special acts for appropriating this tract, except those already mentioned. The land in dispute does not lie within any of these, except the sale of the residue to the defendant, M’Nairy. It will, however, be remarked that it is not included within his grant which issued in consequence of the sale to him. Whether he is in equity entitled to it, or in point of legal principle, it is not necessary for us to decide, as the effect would be the same in relation to a correct determination of the cause.
 

 To pursue the subject of appropriation. The jury have found the land in dispute to lie within the tract reserved under the Act of 1782, and we are only to discover whether any Act, save the one of 1789, ch. 29, has authorized the appropriation of any part of the residue of the original reservation, after deducting the town and academy tracts. Wé believe there is none, except the Act of 1796, ch. 29. This Act has appropriated a part or the whole of the land in dispute. Whether the State of Tennessee had the power to make this appropriation, cannot be material to the inquiry now before us.
 

 The Act of 1796 is, however, important in one point of view. It may be collected from the passage and provisions of it that the Legislature were sensible it required a special Act of appropriation, as being situated within the original reserved tract, and not within any subsequent appropriations thereout.
 

 We believe that none of the general laws, respecting the appropriation of vacant and unappropriated land, either by occupant claimants or otherwise, designed to lay open to the citizens at large any part of the French
 
 *151
 
 lick reservation under the Act of 1782 ; and that as to this purpose that Act is still in force.
 

 It will follow, therefore, that as the land claimed by the plaintiff was not vacant and unappropriated, his grant is void. The judgment of the Circuit Court must be affirmed.